UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA RICE-MCGARITY,

       Plaintiff,

v.                                Case No.:    2:25-cv-472-JLB-KCD

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE,

       Defendant.
_____/

## **<u>ORDER</u>**

Plaintiff Lisa Rice-McGarity sues Carnival Corporation d/b/a Carnival Cruise, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et. seq.* (the "ADA").  (Doc. 1).  Plaintiff, who is blind, argues that Defendant's website fails to comply with the ADA because it "contains access barriers that prevent free and full use by Plaintiff using keyboards and screen reading software." (*Id.* at ¶ 15).  Plaintiff filed her Complaint on June 1, 2025.  (*Id.*).  Toward the end of the Complaint, Plaintiff asks this Court to enter a preliminary and permanent injunction to prohibit Defendant from violating the ADA.  (*Id.* at ¶ 56).  It is unclear whether Plaintiff truly seeks a preliminary injunction or an injunction at the time of final judgment.  In any event, Plaintiff's purported request for a preliminary injunction fails to comply with Federal Rule of Civil Procedure 65, the Local Rules for the Middle District of Florida, and otherwise fails to establish a basis for this Court to enter a preliminary injunction.

Under Federal Rule of Civil Procedure 65(a), the Court "may issue a preliminary injunction only on notice to the adverse party." Plaintiff must show the following for the Court to issue a preliminary injunction: (1) "preliminary injunction" must be named in the title of the document, (2) specific facts—supported by a verified complaint, affidavit, or other evidence—that demonstrate entitlement to relief, (3) a precise description of the conduct and persons subject to restraint, (4) a precise and verified explanation of the amount and form of security, (5) a supporting legal memorandum, and (6) a proposed order. *See* M.D. Fla. Loc. R. 6.01, 6.02. Additionally, the Local Rules provide the required elements for this Court to enter a preliminary injunction. *See* M.D. Fla. Loc. R. 6.01(b), 6.02.

Simply put, Plaintiff fails to establish the requirements for a preliminary injunction as is required by the Local Rules or Federal Rule of Civil Procedure 65. *See* M.D. Fla. Loc. R. 6.01, 6.02; Fed. R. Civ. P. 65(a). If Plaintiff intends to seek a preliminary injunction rather than injunctive relief at the time of judgment, Plaintiff must expedite service on the Defendant and promptly file proof of proper service when completed. That said, Plaintiff also must comply with Rule 65 and this Court's Local Rules if that is indeed the *extraordinary* remedy Plaintiff seeks.

*(rest of page intentionally left blank)*

2

Accordingly, any request for preliminary injunctive relief in Plaintiff's Complaint (Doc. 1) is **DENIED without prejudice** for Plaintiff's failure to comply with Federal Rule of Civil Procedure 65 and the Local Rules for the Middle District of Florida. Plaintiff may proceed on her claim for injunctive relief at the time of judgment.

**ORDERED** in Fort Myers, Florida, on June 3, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE